THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Larkland Richards, Respondent,
 
 
 

v.

 
 
 
 State of South Carolina, Petitioner
 
 
 

ON WRIT OF CERTIORARI

Appeal From Aiken County
William P. Keesley, Guilty Plea Judge
 Jackson V. Gregory, Post-Conviction Relief Judge

Memorandum Opinion No. 2005-MO-040
Submitted August 11, 2005  Filed August 15, 2005   

REVERSED

 
 
 
 Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Paula S. Magargle, all of Columbia, for Petitioner.
 Assistant Appellate Defender Robert Pachak, of  the Office of Appellate Defense, of Columbia, for Respondent.
 
 
 

PER CURIAM:  This matter is before the Court on a petition for a writ of certiorari.  We grant the petition, dispense with further briefing, and reverse the order of the post-conviction relief (PCR) judge.
The PCR judge granted Respondents application after finding the indictment which charged him with distribution of crack cocaine was insufficient to confer subject matter jurisdiction on the circuit court because it did not include the mens rea element of knowingly.  The analysis which formed the basis of the PCR judges ruling, i.e., that an insufficient indictment resulted in a lack of subject matter jurisdiction by the circuit court in Respondents case, is no longer valid.  See State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005) and Evans v. State, 363 S.C. 495, 611 S.E.2d 510 (2005) (both holding that subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings belong; the indictment is a notice document and issues relating to the sufficiency of an indictment or the indictment process generally are not issues of subject matter jurisdiction, but must be timely raised to the trial judge in order to be preserved for appellate review).
Regardless, the issue is without merit.  The indictment in Respondents case stated:

 DISTRIBUTION OF CRACK COCAINE
 That LARKLAND RICHARDS AKA JAMAICAN RICH  did in Aiken County on or about March 29, 2001, distribute to an undercover operative a quantity of Crack Cocaine, a controlled substance under provisions of § 44-53-110, et seq., Code of Laws of South Carolina (1976), as amended, such distribution not having been authorized by law. 

The true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet.  See Gentry, 363 S.C. at 103, 610 S.E.2d at 500 (explaining that [i]n determining whether an indictment meets the sufficiency standard, the court must look at the indictment with a practical eye in view of all the surrounding circumstances, and citing precedent and S.C. Code Ann. § 17-19-20 (2003)); State v. Gill, 355 S.C. 234, 240, 584 S.E.2d 432, 435 (Ct. App. 2003) (finding in case decided before Gentry that crack cocaine indictment which did not list mens rea element of knowingly nevertheless was sufficient to confer subject matter jurisdiction on the circuit court).
We conclude the indictment contained the necessary elements of the offense intended to be charged and sufficiently apprised Respondent of what he was required to meet.  Accordingly, we reverse the order of the PCR judge granting Respondents application.
REVERSED
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.